RENDERED:  AUGUST 23, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1371-MR

SHARON SNELL, AS
ADMINISTRATRIX OF THE ESTATE
OF ETHELL[1] BURNETT, DECEASED                    APPELLANT


                        APPEAL FROM KNOX CIRCUIT COURT
v.                      HONORABLE GREGORY A. LAY, JUDGE
                        ACTION NO. 16-CI-00115


BARBOURVILLE NURSING HOME,
INC. D/B/A BARBOURVILLE
HEALTH & REHABILITATION
OUTPATIENT CENTER D/B/A
BARBOURVILLE HEALTH &
REHABILITATION CENTER;
BARBOURVILLE REALTY, LLC;
FIRST CORBIN LONG TERM CARE,
INC.; FORCHT GROUP OF
KENTUCKY, INC.; JANNA PARTIN
IN HER CAPACITY AS
ADMINISTRATOR OF
BARBOURVILLE HEALTH &
REHABILITATION CENTER;
MANAGEMENT ADVISORS, INC.;
AND TERRY FORCHT                                   APPELLEES

---

[1] Ethel was misspelled as "Ethell" in the notice of appeal.  For consistency the Court will utilize the correct spelling.

<u>OPINION</u>
<u>AFFIRMING IN PART,</u>
<u>AND REVERSING</u>
<u>IN PART</u>

** ** ** ** **

BEFORE:  CALDWELL, COMBS, AND KAREM, JUDGES.

COMBS, JUDGE:  This case involves a lawsuit filed against a nursing home.  On appeal, the Appellant challenges alleged discovery violations.  Sharon Snell, as Administratrix of the Estate of Ethel Burnett ("the Estate"), appeals the judgment of the Knox Circuit Court entered on October 20, 2023, in favor of Barbourville Nursing Home, Inc. d/b/a Barbourville Health & Rehabilitation Outpatient Center d/b/a Barbourville Health & Rehabilitation Center; Barbourville Realty, LLC; Fist Corbin Long Term Care, Inc.; Forcht Group of Kentucky, Inc.; Management Advisors, Inc.; Terry Forcht; and Janna Partin in her capacity as Administrator of Barbourville Health & Rehabilitation Center.  This appeal concerns the judgment entered upon the jury's verdict and the trial court's post-trial order in favor of Barbourville Nursing Home, Inc., ("the care home") and Partin.  We affirm in part and reverse in part.

Ethel Burnett was 96 years of age when she was admitted to the Barbourville Nursing Home on December 15, 2010.  Among other serious medical conditions, Burnett suffered with heart failure, kidney failure, and dementia.  She

-2-

had also suffered a stroke and broken hip. She was nourished through a feeding tube and was incontinent of bowel and bladder.

On July 8, 2015, nursing staff notified Burnett's physician of a change in her condition. He prescribed an antibiotic. As her condition deteriorated throughout the day, staff contacted Burnett's physician, who advised that she be transferred to the local hospital for further evaluation. Staff contacted 911, and EMS transported Burnett to the hospital. Lab results indicated that Burnett was suffering with pneumonia and penicillin-resistant staphylococcus. She received high-dose antibiotics for the next six days. Ultimately, however, the infections did not respond to the prescribed course of treatment. Burnett died in the hospital on July 14, 2015. She was 101 years of age.

On March 29, 2016, the Estate filed a negligence action against the care home, Partin, and other corporate defendants. The various defendants responded, and discovery began. The Estate's action against Partin and the nursing home was tried to a jury on April 18, 19, 20, 21, 25, 26, and 28, 2023. Following presentation of evidence and closing arguments, the jury found unanimously that the nursing home: had not been negligent in its care of Burnett; had not abused her mentally or physically; and had not failed to comply with its duty to train or to supervise its employees. Judgment was entered in favor of Partin and the nursing home. This appeal followed.

On appeal, the Estate argues that the trial court erred by refusing to grant judgment in its favor as a sanction for the care home's alleged failure to respond fully to its discovery requests. In the alternative, it argues that it was entitled to evidentiary sanctions based upon the alleged discovery violations. Next, it argues that the trial court erred by denying its motion for trial costs as a sanction for the care home's dilatory motion practice resulting in a rescheduling of the original trial. Finally, the Estate argues that the circuit court erred by awarding the nursing home its costs -- including the costs of *copies* of deposition transcripts. The home concedes that the award for copies of depositions is not recoverable as costs and states that it does not intend to recover these expenses. Consequently, we reverse that sole portion of the court's post-trial order. Otherwise, based upon our analysis of the remaining arguments, the court's judgment and post-trial order are affirmed in their entirety.

The Estate argues that the trial court erred by failing to sanction the care home for discovery violations that came to light mid-trial. It points out that the trial court has a duty to protect its authority against contemptuous conduct and that it is authorized to impose attorneys' fees and related expenses as sanctions for bad-faith conduct. The Estate argues that it was entitled to a litigation-ending sanction, and because this ultimate sanction failed, the Estate contends that the trial

court abused its discretion by failing to exclude evidence connected to the alleged discovery violations.

Trial courts are afforded great leeway and discretion in entering and enforcing discovery orders. *Southern Financial Life Ins. Co. v. Combs*, 413 S.W.3d 921 (Ky. 2013); *Turner v. Andrew*, 413 S.W.3d 272 (Ky. 2013). We review a trial court's determination of appropriate sanctions for an abuse of that discretion. *Rumpel v. Rumpel*, 438 S.W.3d 354 (Ky. 2014). "The test for abuse of discretion is whether the trial [court's] decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

A party may freely lodge its objection to a discovery request; fair and reasonable resistance to discovery is **not** subject to sanction. *Bramblett v. Penske Truck Leasing Company, L.P.*, 598 S.W.3d 567 (Ky. App. 2019). However, where a party "fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just. . . ." Kentucky Rule of Civil Procedure (CR) 37.02. The rule expressly provides that sanctions for discovery violations can be imposed for the failure *to comply with a court order*.

Before seeking sanctions in this case, the Estate had not obtained a court order based upon a demonstrated violation of a substantive rule of discovery.

Because a sanctions order requires the violation of an underlying court order, the trial court did not abuse its discretion by refusing to grant judgment in favor of the Estate based upon its allegation that the nursing home failed to provide discovery. For the same reason, it did not abuse its discretion by refusing to limit the evidence introduced by the care home.

The Estate also argues that the home's "unilateral actions in filing their motion practice late and raising arguments that should have been raised many months prior" resulted in a delay of another six months beyond the trial date originally scheduled for October 18, 2022. It contends that the trial court abused its discretion by failing to award it the costs incurred as a result of the delay. In its brief, the home argues that it was the Estate's own dilatory conduct that caused the deposition of the Estate's expert witness to be taken only two weeks prior to the trial date set for October 2022, and the trial court determined that a continuance until April 2023 was appropriate under the circumstances. The Estate makes no reply to this point in its final brief.

In its post-trial order, the trial court declined to grant the Estate's motion for costs. It observed, in part, as follows:

> The Court has thoroughly reviewed the record on this issue, and the critical point of the ruling herein is that the [nursing home] did not violate any order of the Court in filing [its] motions. Certainly, counsel [for the care home] could have and should have handled this better. Communication with the Court and opposing counsel

early on that such motions would be forthcoming would
have been very helpful and could have avoided the chaos
that resulted.

. . .

When the pretrial conference was held in this matter, the
Court entered its standard pretrial order. The Court has
used this pretrial order for years in the standard "garden
variety" type of civil case, and it has always worked well.
However, the order is not suited particularly well for a
case of this magnitude. Almost always in complicated
cases, counsel will request a more detailed pretrial order
that better suits complex cases such as medical
malpractice, business torts, mass torts, and products
liability. . . . Neither counsel requested such a pretrial
order in this case . . . in hindsight the Court should have
insisted on the more detailed scheduling order, with
deadlines for expert depositions and dispositive motions.

Under these circumstances, we are persuaded that the trial court did not abuse its

discretion by denying the Estate's motion for costs.

To summarize, we reverse only that portion of the order awarding

costs for copies of depositions. We affirm the remainder of the judgment and post-

trial order of the Knox Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Laraclay Parker
Alexandra DeMoss-Campbell
Lexington, Kentucky

BRIEF FOR APPELLEES:

Mark E. Hammond
Rachel Dalton Dearmond
Louisville, Kentucky